IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

United States District Court
Southern District of Texas
ENTERED
APR 2 3 2010
David J. Bradley, Clerk of Court

BRENT A. CARTER, §
  *Plaintiff* §
   §
v.    §  Civil No. B-09-99
   §
WESTPORT INSURANCE CORPORATION, §
  *Defendant.* §

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the Defendant's Motion for Summary Judgment (Doc. No. 12) and the Plaintiff's Motion for Partial Summary Judgment on Duty to Defend (Doc. No. 13). Having reviewed the motions and the parties' responses and replies, the Court GRANTS in PART the Defendant's Motion for Summary Judgment and DENIES the Plaintiff's Motion for Partial Summary Judgment.

## I. Background

### A. The Underlying Lawsuit: *Valley Baptist Health System v. Swetnam and Carter*

In February 2009, Valley Baptist Health System ("Valley Baptist") filed in a Texas state District Court its First Amended Petition against Michael N. Swetnam, individually and doing business as Swetnam Insurance Services, and this case's plaintiff, Brent A. Carter. (First Amended Petition, Doc. No. 12-2.) Both Swetnam and Carter are insurance agents who were employees of Smith-Reagan & Associates ("Smith-Reagan"), which is a group of licensed insurance professionals. (*Id.* at ¶ 11.) Swetnam, Carter, and Smith-Reagan provided insurance

1

agent services to Valley Baptist. (*Id.*) Swetnam and Carter, using the name Swetnam Insurance Services, also provided insurance agent services to Valley Baptist. (*Id.*)

The allegations in the First Amended Petition accuse Swetnam of defrauding Valley Baptist out of millions of dollars in fabricated and inflated insurance policy premiums. (*See id.*) Carter is alleged to have received portions of these ill-gotten premiums and to have "failed or refused to return the money received through [his] fraudulent and/or negligent conduct." (*Id.* at ¶ 3.) Although Swetnam, Carter, and Smith-Reagan were all at various times retained by Valley Baptist to provide agent services for insurance coverage, the First Amended Petition singles out Swetnam and "Carter on behalf of Swetnam Insurance Services" as responsible for the complained-of services. (*Id.* at ¶ 13.) Specifically, Valley Baptist alleges that "[u]pon information and belief, the insurance agent services at issue in this First Amended Petition were presented, invoiced and allegedly confirmed solely by Swetnam, or by Carter on behalf of Swetnam Insurance Services." (*Id.* at ¶ 13 (emphasis added).)

B. The Instant Lawsuit

Carter initially filed the instant suit for failure to defend against Westport Insurance Corporation, as well as Swetnam, in state court. (*See* Pl.'s Original Pet'n, Doc. No. 1-2.) Within Carter's complaint are several contractual claims related to the insurance policy, as well as certain extracontractual claims, such as breach of fiduciary duty. (*Id.*) The central contractual claim is that Westport violated the terms of the insurance policy it issued to Smith-Reagan, which Carter alleges should cover him as a Smith-Reagan employee. (*Id.*) Westport removed the case to federal court, alleging that Swetnam, a Texas resident, was not properly named as a defendant and that this Court therefore has diversity jurisdiction. (*See* Deft.'s Notice of

Removal, Doc. No. 1.) Carter contested removal, and filed a Motion to Remand. (Doc. No. 4.) This Court determined that Swetnam had been improperly joined, and on the basis of that finding, dismissed Swetnam and denied Carter's Motion to Remand. (Doc. No. 6.) Now pending before the Court are the cross motions for summary judgment, filed by Carter and Westport. (Doc. Nos. 12 and 13.)

C. Westport's Insurance Policy

The insurance policy at issue, No. WED4TX006532302, was effective from April 1, 2008 until April 1, 2009. (*See* Deft.'s MSJ Ex. 1, Doc. No. 12-1 at 4.) The named insured is Smith-Reagan & Associates, Inc. (*Id.*) Under the policy, "employees and former employees" of the named insured are also considered insureds, "but only for acts within the scope of their employment [by Smith-Reagan] and while performing duties related to the conduct of [Smith-Reagan's] insurance operations." (*Id.* at 16.) Coverage under the policy provides that "[Westport] will pay on behalf of the insured 'loss' for which the insured is legally liable caused by a 'wrongful act' committed by an insured arising out of 'professional services' rendered to others." (*Id.* at 15.)

Several exclusions also exist, three of which have been raised by Westport: 1) the "funds exclusion" bars coverage for "'claims' for commissions, fees, taxes, reimbursement, or the failure to collect, pay, or return premiums or commingling of funds" (Doc. No. 12-1 at 17); 2) the "intentional acts exclusion" bars coverage for "any 'claim' for intentional acts, including but not limited to acts of dishonesty, fraud, criminal conduct, malice, or assault and battery"[1] (*Id.*);

---

[1] An exception to the "intentional acts exclusion" applies only to certain categories of insureds, including employees and former employees, so long as they "do not personally participate in or ratify the acts identified [in the exclusion] and who notify [Westport] once such

3

and 3) the "personal profit" exclusion bars coverage for claims based upon, arising out of, attributable to, or directly or indirectly resulting from "[a]ny insured having gained, in fact, any personal profit or advantage to which he or she was not legally entitled." (*Id.*)

## II. Discussion

### A. Standard for Summary Judgment

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The nonmoving party must go beyond the pleadings and provide specific facts showing that there is a genuine issue for trial. *Id.* at 56(e)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322–23. Cross-motions for summary judgment are each reviewed "independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Ford Motor Co. v. Texas Dep't of Transportation*, 264 F.3d 493, 498 (5th Cir. 2001).

### B. Duty to Defend

In evaluating whether or not an insurer has a duty to defend, Texas courts apply the "eight corners" rule. *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 368 (5th

---

act has been discovered." (Doc. No. 12-1 at 17.)

Cir. 2008); *GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006). Under the eight corners rule, "an insurer's duty to defend is determined by the third-party plaintiff's pleadings, considered in light of the policy provisions, without regard to the truth or falsity of those allegations." *GuideOne Elite*, 197 S.W.3d at 308. Moreover, when considering the allegations, the court "must focus on the factual allegations that show the origin of the damages rather than on the legal theories alleged." *National Union Fire Ins. Co. of Pittsburgh v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997) (citation omitted). Although the allegations are generally construed in favor of the insured, "[c]ourts may not . . . (1) read facts into the pleadings, (2) look outside the pleadings, or (3) imagine factual scenarios which might trigger coverage." *Gore Design*, 538 F.3d at 369 (quoting *Guarantee Nat'l Ins. Co. v. Azrock Indus.*, 211 F.3d 239, 243 (5th Cir. 2000)).

Westport argues that it has no duty to defend Carter because Carter does not qualify as an "insured" based on the allegations in the underlying petition and under the terms of the policy. Westport's argument is predicated on the very specific factual allegation in the petition that "[u]pon information and belief, the insurance agent services at issue in this First Amended Petition were presented, invoiced and allegedly confirmed solely by Swetnam, or by Carter on behalf of Swetnam Insurance Services." (Doc. No. 12-2 at ¶ 13.) Even if Carter is considered an insured, however, Westport argues that three policy exclusions would still bar Carter's claims: the funds, intentional acts, and personal profit exclusions.

Carter contends that Westport owes him a duty to defend because "it is not at all clear that the allegations against Carter are made against him outside his status as an 'insured.'" (Doc. No. 13 at 13.) Moreover, Carter is described as an employee of Smith-Reagan and a "former

business partner" of Swetnam, who the petition "specifically alleges [to have worn] two hats," one of which was director and vice-president of Smith-Reagan. (*Id.* at 14.) Carter therefore argues that the "First Amended Petition does not rule out the possibility – or probability – that Mr. Carter was instructed to work for Mr. Swetnam as an employee of Smith-Reagan." (*Id.*) As such, Carter asks that the Court determine that he was an insured under the policy, as an employee of Smith-Reagan.

This Court agrees that the First Amended Petition does not rule out the possibility that Carter was instructed to work for Swetnam as an employee of Smith-Reagan, but that is not the test. Indeed, this is just the kind of imaginary fact scenario that the eight corners rule specifically prohibits.

The Court finds that Carter does not qualify as an insured under the terms of the First Amended Petition because the First Amended Petition itself specifically pleads, and only pleads, that the complained-of actions performed by Carter were only done on behalf of Swetnam Insurance Services. (Doc. No. 12-2 at ¶ 3.) To find Carter was covered by the policy, this Court would have to reach well outside of the eight corners of the First Amended Petition and the policy at issue and find that, despite the First Amended Petition's specific language (that the insurance services at issue were solely performed either by Swetnam or Carter on behalf of Swetnam Insurance Services), that it was in reality claiming that Carter still could have been acting in the scope of his employment with Smith-Reagan. Carter has presented neither any evidence to contradict the First Amended Petition's specific allegation nor argument as to why the Court could even consider extrinsic evidence, if offered. Moreover, Carter's argument relies on the Court accepting an interpretation contrary to the allegations in the First Amended

Complaint. The First Amended Petition has ruled out the possibility that the services for which Valley Baptist seeks recompense were performed by Carter in his capacity as an employee of Smith-Reagan, and therefore the Court concludes that the policy does not cover the very allegations of the First Amended Petition.

Therefore, the Court GRANTS Defendant Westport's Motion for Summary Judgment with respect to the duty to defend claims alleged in the First Amended Petition[2] (Doc. No. 12) and DENIES Carter's Motion for Partial Summary Judgment. (Doc. No. 13.) Since the Court has determined that Carter is not an insured for the purposes of the First Amended Petition, it need not decide whether or not any exclusions apply.

Generally, Texas does not allow recovery on extra-contractual claims like breach of the duty of good faith unless there is an underlying breach of contract. *See Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995) ("As a general rule there can be no claim for bad faith when an insurer has promptly denied a claim that is in fact not covered."). Therefore, to the extent that Carter's extra-contractual claims rely on his claim that Westport breached its contractual duty to defend, the Court also GRANTS Westport's Motion for Summary Judgment on such extra-contractual claims.

C. Duty to Indemnify

The duty to indemnify is separate and distinct from the duty to defend. *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821–22 (Tex. 1997). Whereas the duty to defend is

---

[2] Obviously this Court's ruling is not an absolute ruling on the duty to defend in the underlying suit. It is only based on the policy language and the First Amended Petition. If subsequent petitions were to allege facts that would trigger coverage of Carter, this ruling would not be construed to bar such a claim.

determined using the eight corners rule, "[t]he duty to indemnify is triggered by the actual facts establishing liability in the underlying suit." *Id.* at 822. Hence, traditionally, Texas courts only decide the duty to indemnify after the underlying suit has concluded. The one exception to this rule is where "*the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.*" *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 536 (quoting *Farmers Texas County Mutual Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997)). "In addition, district courts have discretion to decline to grant relief as to the duty to indemnify under the authorization of the Declaratory Judgment Act." *Id.*, 363 F.3d at 536–37; *see also Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); 28 U.S.C. § 2201.

Here, Valley Baptist has alleged that "[u]pon information and belief, the insurance agent services at issue in this First Amended Petition were presented, invoiced and allegedly confirmed solely by Swetnam, or by Carter on behalf of Swetnam Insurance Services." (Doc. No.12-2 at ¶ 13.) Although the Court has determined that this allegation suffices to preclude Westport from having a duty to defend Carter, the Court does not consider this allegation to be an essential element of the legal claims asserted by Valley Baptist. Nor is it one that cannot be changed. It is possible that a subsequent petition or that the facts marshaled in discovery or at trial would demonstrate that the insurance agent services at issue were actually performed by Carter behalf of Smith-Reagan, which could trigger Westport's duty to indemnify without otherwise affecting Valley Baptist's claims. Facts proven at trial might also trigger exceptions to the policy. Therefore, the Court finds that at this point, it is too early to decide the duty to indemnify issue. *Cf. Griffin*, 955 S.W.2d at 84 ("It may sometimes be necessary to defer resolution of indemnity issues until the liability litigation is resolved. In some cases, coverage may turn on facts actually

8

proven in the underlying lawsuit."). The Court thus DENIES Westport's Motion for Summary Judgment on the duty to indemnify issue, without prejudice. There being no conclusive judgment on the duty to indemnify, the Court also DENIES Westport's Motion for Summary Judgment on the extra-contractual claims that are based on the duty to indemnify.

For the foregoing reasons, it is hereby ORDERED:

1. Defendant Westport's Motion for Summary Judgment (Doc. No. 12) is GRANTED as to the duty to defend against the First Amended Complaint as well as any extra-contractual claims based on the duty to defend claim, and DENIED as to the duty to indemnify as well as any extra-contractual claims based on the duty to indemnify claim.

2. Plaintiff's Motion for Partial Summary Judgment (Doc. No. 13) is DENIED.

SIGNED this 23rd day of April, 2010.

Andrew S. Hanen
United States District Judge