IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BRENT A. CARTER, <br>    *Plaintiff*, <br><br> v. <br><br> WESTPORT INSURANCE CORPORATION; <br> and MICHAEL N. SWETNAM, JR., d/b/a <br> SWETNAM INSURANCE SERVICES <br>    *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. B-09-CV-99 |

**JUDGMENT**

This Court has reviewed Defendant's latest Motion for Summary Judgment, [Doc. No. 61], and Plaintiff's Response, [Doc. No. 62].

In its Memorandum Opinion and Order dated October 23, 2013, ["October 23rd Opinion"] [Doc. No. 59], this Court concluded that there was no duty to defend or indemnify the Plaintiff ("Carter") for any claim emanating from either the Fourth or Fifth Amended Petitions filed by Valley Baptist Health Systems ("Valley Baptist") in the underlying suit. The Court requested that the Parties file additional briefings to identify the existence of and/or address any remaining issues, given the Court's October 23rd Opinion.

In drafting that Opinion, the Court had been misinformed as to the date of the settlement agreement reached between Carter and Valley Baptist. The Court cited the settlement as occurring on December 8, 2011, the day after Valley Baptist filed its Sixth Amended Petition on December 7, 2011. [Doc. No. 59 at 6]. The Parties agree that the settlement occurred on December 6, 2011. Thus, Carter and Valley Baptist settled all claims against Carter *before*

Valley Baptist filed the Sixth Amended Petition. Carter does not dispute that the Fifth Amended Petition was the operative petition at the time of settlement. [*See* Doc. No. 62 at 3]. The Court's finding in favor of the Defendant ("Westport") is therefore not affected by the existence of the Sixth Amended Petition. That being the case, the Court finds no other issues necessary to resolve this case.

As for Westport's requested additional relief in its latest Motion for Summary Judgment, [Doc. No. 61], while the Court sees the reason for Westport's request, the Court does not find it necessary to rule on these grounds in addition to those specified in the October 23rd Opinion in order to resolve the case. At best, Westport is just asking this Court for suspenders to go with the belt the Court has already awarded.

Therefore, in accordance with Federal Rules of Civil Procedure 54 and 58, and based upon this Court's prior orders, the Court enters this final judgment and orders that Plaintiff, Brent A. Carter, take nothing as to the claims asserted against Defendant, Westport Insurance Corporation. All costs of court are assessed against the Plaintiff.

Signed this 22nd day of January, 2014.

_____
Andrew S. Hanen
United States District Judge